UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL SHEHADEH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-cv-3121-MMM |
| ) | |
| GREGORY HARRIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER**

Plaintiff, a pretrial detainee at the Christian County Jail, proceeds *pro se* on his complaint under 42 U.S.C. § 1983 alleging that Defendants Gregory Harris, the U.S. Attorney for the Central District of Illinois, and Matthew Weir, an Assistant U.S. Attorney, violated his constitutional rights by pursuing criminal charges against him in federal court and by opposing his release on bond. (Doc. 1-1 at 3-5).

Plaintiff initially filed suit in Illinois Circuit Court in Christian County, Illinois, which was not an appropriate venue for this action. As a result, Defendants filed a Notice of Removal. (Doc. 1). Pursuant to 28 U.S.C. § 1331, this Court is the appropriate venue for this action, as it is a civil action arising under the Constitution.

The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges that on March 3, 2021, he was arrested and charged by Taylorville Police Chief Dwayne Wheeler with delivery of 2.5 grams of methamphetamine. Plaintiff states that Defendants ordinarily only prosecute narcotics cases charged by local authorities if the amount of drugs involved exceeds 50 grams, a gun was involved, or the perpetrator would be eligible for a mandatory minimum sentence under 18 U.S.C. §§ 841(b)(1)(A)-(B) or 851.

Plaintiff alleges that Chief Wheeler asked Defendants to seek federal charges because he wanted to retaliate against Plaintiff for filing FOIA requests and suing the city and police department. As a result, Plaintiff claims that Defendants presented a one-count indictment to a federal grand jury in April 2021.

Plaintiff also alleges that Defendants, at Chief Wheeler's request, opposed his release on bond even though Plaintiff had been released in two prior cases.

## ANALYSIS

Plaintiff's complaint challenges ongoing federal criminal proceedings in Central District of Illinois case number 21-cr-30022 pending before Chief Judge Sara Darrow. On April 6, 2021, Plaintiff was charged with delivery of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Plaintiff was found guilty following a jury trial on October 6, 2022. Plaintiff filed a Motion for New Trial, which remains pending. Federal district courts do not interfere with pending criminal proceedings in other federal or state courts. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has,

subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

Additionally, prosecutors are immune from lawsuits based on their conduct associated with prosecuting a criminal case, including the conduct Plaintiff alleges. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (in initiating prosecution and presenting State's case, prosecutor is immune from civil suit for damages under § 1983); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which…prosecutors enjoy absolute immunity"). Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim for relief.

The Court cannot discern any plausible federal claim from Plaintiff's allegations about the criminal proceedings which can be pursued outside of Plaintiff's criminal case. Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. 1915A(b)(1). Any amendment to the complaint would be futile because Plaintiff cannot plead a constitutional claim under this set of facts and the Defendants are immune from suit. This case is therefore closed. The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: 10/20/2022

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge